# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**$184,980.00 IN U.S. CURRENCY,**<br><br>First-Named Claimant's Property,<br><br>**JAMES E. MAXWELL,**<br><br>Claimant. | **CIVIL ACTION NO.**<br><br>**5:15-cv-00065-TES** |

## ORDER DENYING MOTION TO DISMISS

Before the Court is *pro se* Claimant James E. Maxwell's Motion to Dismiss [Doc. 26] the Government's forfeiture claim against the seized currency.[1] For the following reasons, Claimant's Motion to Dismiss [Doc. 26] is **DENIED**. Additionally, based on this Court's discretion, Claimant's Motion to Stay Discovery [Doc. 40] is **DENIED**, and his Motion to Strike [Doc. 38] is **DENIED as moot**.

## FACTUAL BACKGROUND

**A. Government's Complaint**.

The Court takes the following facts from the Government's Complaint [Doc. 2] as true for purposes of ruling on Claimant's Motion to Dismiss [Doc. 26]. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In early 2014, federal investigations began concerning

---

[1] Claimant does not seek dismissal of the Government's claim against the 18K Rolex Oyster Perpetual watch also seized from him.

large transfers of money from Macon, Georgia, to Houston, Texas, and northern California. [Doc. 2 at ¶ 12]. This investigation led federal law enforcement to identify Claimant James E. Maxwell, Jr. as potentially involved in the distribution of controlled substances. [Doc. 2 at ¶ 13].

On October 12, 2014, at the direction of the Department of Justice's Drug Enforcement Administration (DEA) and as part of the ongoing investigation, Corporal Jay Thompson pulled over Claimant James E. Maxwell, Jr., a passenger in the vehicle, and his driver, Maurice Dillard. [Doc. 2 at ¶¶ 12-15]. Corporal Thompson noted that Dillard seemed uncomfortable, trembled, and repeatedly said "umm" during the stop. [*Id.* at ¶ 17]. As Cpl. Thompson issued him a warning citation, Dillard gave consent to search the vehicle. [*Id.* at ¶ 20].

Corporal Thompson then informed Claimant that Dillard gave consent to search the vehicle and asked Claimant if he had any drugs, weapons, or currency in the vehicle. [*Id.* at ¶ 20]. Claimant told Cpl. Thompson he had about $150,000.00 in cash, and he did not consent to a search of his belongings. [*Id.* at ¶ 21]. Corporal Thompson removed Claimant's belongings before searching the vehicle, but Senior Trooper First Class John Morris, who Cpl. Thompson called for backup, conducted a free air sweep of Claimant's belongings with a K-9 trained to detect narcotics. [Doc. 2 at ¶¶ 19, 22]. After the K-9 gave a positive alert to Claimant's luggage, S/TFC Morris and Cpl. Thompson searched

Claimant's belongings and seized $184,980.00 in suspected "money furnished or intended to be furnished in exchange for a controlled substance." [*Id.* at ¶¶ 23, 34].

Additionally, on December 15, 2016, Government brought against the Claimant a superseding information, charging him with Possession with Intent to Distribute Marijuana. [Doc. 29 at 9]. Subsequently, Claimant plead guilty to the counts in the superseding information. [*Id.*; Doc. 34 at 2]. Based on this agreement, Clamant is currently incarcerated at the Federal Correction Institute in Edgefield, South Carolina. [Doc. 26-1 at 6].

## DISCUSSION

The Government now seeks forfeiture of the currency seized during the stop. Claimant moves to dismiss the Government's forfeiture claims on two grounds. [Doc. 26]. First, Claimant contends this Court lacks subject matter jurisdiction because the Government failed to establish *in rem* jurisdiction over the property in this case. [Doc. 26-1, at 3]. Second, Claimant alleges the state trooper's search and seizure of his property violated his Fourth Amendment rights, which he contends entitles him to dismissal of this case.

### A. <u>Subject Matter Jurisdiction and *In Rem* Jurisdiction</u>

As to his first argument for dismissal, Claimant misconstrues the relationship between subject matter jurisdiction and *in rem* jurisdiction. To hear this case, the Court must possess both subject matter jurisdiction over the forfeiture issue and exclusive *in*

3

*rem* jurisdiction over the property. Federal courts are courts of limited jurisdiction and only have authority over certain types of cases. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Under 28 U.S.C. §1355(a), "the district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any . . . forfeiture . . . incurred under any Act of Congress." Thus, federal district courts have subject matter jurisdiction over all forfeiture actions brought under federal law. Because the Government brings this forfeiture claim under the federal Controlled Substance Act, 21 U.S.C. § 801, this Court has subject matter jurisdiction.

This Court also has *in rem* jurisdiction over the subject property in this case. Only one court, either the state or the federal court, can have *in rem* jurisdiction over the property at a time. *See United States v. $270,000.00 in U.S. Currency, Plus Interest*, 1 F.3d 1146, 1148 (11th Cir. 1993). To establish *in rem* jurisdiction in forfeiture proceedings, the court must have actual or constructive control over the property. *U.S. v. James Daniel Good Real Property*, 510 U.S. 43, 57 (1993).

Claimant contends the state court has *in rem* jurisdiction in this case because state officers seized the property. Indeed, some state statutes automatically grant *in rem* jurisdiction to state courts when state officers seize the forfeited property. *See, e.g.*, *Scarabin v. Drug Enforcement Admin.*, 966 F.2d 989, 991 (5th Cir. 1992) (applying Louisiana law). In those states, the federal government must seek and obtain a turnover order from state courts for federal courts to have *in rem* jurisdiction. However, Georgia's Code

4

contains no such statute,[2] and therefore, a turnover order is not necessary before the Government seeks forfeiture of property in federal court.[3]

Moreover, turnover orders are unnecessary in cases where state or local officers seized property at the direction or under the oversight of the federal government as part of an ongoing investigation. *See Asset Forfeiture Policy Manual (2016), Chapter 14, Section II, A.*

Here, according to the facts alleged in the Government's complaint, Cpl. Thompson acted under the direction of the DEA as part of ongoing drug investigation. [Doc. 2 at. ¶¶ 12-14]. The property seized was immediately transferred to the U.S. Marshals, who currently maintain actual custody and control over the property. [Doc. 2 at ¶ 2]. Therefore, since the state officer seized the property at the direction of the federal Government, and the federal Government established actual control over the property, this Court has *in rem* jurisdiction.

B. **Motion to Dismiss for Alleged Fourth Amendment Violations**

Next, Claimant contends the Government violated his Fourth Amendment rights during the search and seizure of his property. However, Claimant should bring such a

---

[2] Under O.C.G.A. § 16-13-49, which governs civil asset forfeitures in Georgia, a state seizure of property does not automatically establish state *in rem* jurisdiction.

[3] The cases cited by the Claimant turned on idiosyncratic provisions of state law that do not exist in Georgia's Code. *See United States v. One 1987 Mercedes Benz Roadster*, 2 F.3d 241, 242 (7th Cir. 1993) (applying Illinois law); *United States v. One 1979 Chevrolet C-20 Van*, 924 F.2d 120, 122 (7th Cir. 1991) (applying Illinois law); *Scarabin v. Drug Enforcement Admin.*, 966 F.2d 989, 991 (5th Cir. 1992) (applying Louisiana law).

5

challenge in a motion to suppress, not a motion to dismiss. The legitimacy of a seizure "cannot be resolved on the face of the [civil forfeiture] complaint, but should instead be raised in a motion to suppress." *United States v. $200,255.00, More or Less*, No. 705-CV-27 (HL), 2006 WL 1687774, at *6 (M.D. Ga. June 16, 2006). Therefore, the Court will address these arguments in Claimant's pending Motion to Suppress [Doc. 27], not Claimant's Motion to Dismiss [Doc. 26].

### C. Motion to Stay Discovery and Motion to Strike

Claimant has also filed a Motion to Stay Discovery [Doc. 40] pending the Court's rulings on his Motion to Dismiss [Doc. 26] and Motion to Suppress [Doc. 27]. Based on this Court's discretion, Claimant's Motion to Stay Discovery [Doc. 40] is **DENIED**. Finally, since the Government voluntarily withdrew its special interrogatories [Doc. 39], the Claimant's Motion to Strike Special Interrogatories [Doc. 38] is **DENIED as moot**.

### CONCLUSION

For the reasons stated herein, Claimant's Motion to Dismiss [Doc. 26] is **DENIED.** Additionally, based on the Court's discretion, Claimant's Motion to Stay Discovery [Doc. 40] is **DENIED,** and Claimant's Motion to Strike [Doc. 38] is **DENIED as moot**.

**SO ORDERED**, this 15th day of June, 2018.

**S/ Tilman E. Self, III**
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT